Ahmed v UPS (2025 NY Slip Op 02148)

Ahmed v UPS

2025 NY Slip Op 02148

Decided on April 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 15, 2025

Before: Kern, J.P., Gesmer, Mendez, O'Neill Levy, Michael, JJ. 

Index No. 100352/22|Appeal No. 4120|Case No. 2024-04566|

[*1]Sharafaldin Ahmed, Appellant,
v
UPS, Respondent.

Sharafaldin Ahmed, appellant pro se.
Littler Mendelson P.C., New York (Shawn Matthew Clark of counsel), for respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered June 27, 2023, which, to the extent appealed from as limited by the briefs, granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
The court correctly granted defendant's motion to dismiss. A valid release constitutes a complete bar to an action on a claim that is the subject of the release(see Centro Empresarial Cempresa S.A. v AmÉrica MÓvil, S.A.B. de C.V., 17 NY3d 269, 276 [2011], citing Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 98 [1st Dept 2006], lv denied 8 NY3d 804 [2007]). Here, the settlement agreement unambiguously released defendant from any and all claims by plaintiff connected to his employment with defendant.
Plaintiff contends that the settlement agreement is not enforceable because his then attorney advised him incorrectly that he could still pursue his discrimination and other claims that were unrelated to his unpaid wages claim. Although a release may be set aside on the same grounds as any other contract, i.e., duress, illegality, fraud, or mutual mistake(see Centro Empresarial Cempresa S.A., 17 NY3d at 276), here, plaintiff failed to present evidence that any of those defenses applied (see Fleming v Ponziani, 24 NY2d 105, 111 [1969]). Plaintiff did not provide evidence that defendant shared his apparent misunderstanding concerning the terms of the settlement agreement, which were clear. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 15, 2025